UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JOHN GLENN BARRY METCALF, SR.,

           Plaintiff,

      -against-

IRS, FEDERAL PAYMENT LEVY PROGRAM,

           Defendant.
---------------------------------------------------------------x

**MEMORANDUM AND ORDER**
12-CV-2239 (ARR)(LB)

**NOT FOR PRINT OR
ELECTRONIC PUBLICATION**

ROSS, United States District Judge:

On May 2, 2012, plaintiff, appearing *pro se,* brought this action seeking tax refunds for 2009, 2010, and 2011 from the Internal Revenue Service ("IRS"). The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), solely for the purpose of this order, and directs plaintiff to submit an amended complaint within thirty (30) days of the date of this order that properly sets forth his claim and a basis for this Court's jurisdiction.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, a court must construe a *pro se* litigant's pleadings liberally. *See Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010). A *pro se* complaint should not be dismissed without granting a *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) *(per curiam)*.

Although courts must read *pro se* complaints with "special solicitude" and interpret them

to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 446 U.S. 662, 671 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Finally, Metcalf must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Id., see also* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The complaint is very brief. Plaintiff's claim, in its entirety, is:

> Briefly, the IRS inspite [sic] of receiving evidence package to the contrary that proves taxpayer's innocen[c]e, and full compliance with the law, the IRS has refuse to return all funds illegally confiscated by unfair audit asse[ss]ment and wrongfully stopped payment of 2009, 2010, and 2011 tax returns (see attached docu[]ments).

Plaintiff states that the remedy he seeks is for the "IRS to take plaintiff-out-of-collections and return all funds illegally confiscated plus interest, because the IRS has been harassing plaintiff since 2009 and denying taxpayer rightful returns, after correct and accurate information was given." Complaint at 2. The documents which are attached to the complaint are a "Business Certificate" for a company named "Mettown Records," the significance of which is unexplained, and a copy of a complaint that plaintiff prepared for the New York State Court of Claims seeking "earned income tax credit," tax refunds for the years 2009 to 2011 totaling $7,000, and an exemption from income tax because he is a Moorish American.[1] *See* Complaint at 3.[2]

## DISCUSSION

A. <u>The United States is the Proper Defendant</u>

As a preliminary matter, the United States should be substituted for the IRS as the proper party in this action. Congress has not authorized federal court actions against the IRS. *See Blackmar v. Guerre*, 342 U.S. 512, 515 (1952) (holding that Congress must give express authorization for an agency to be sued in its own name); *Gavigan v. Comm'r*, No. 3:06–CV–942

---

[1] To the extent that plaintiff seeks to argue that he is a "Moor by Birth and Exempt" from the payment of income taxes, Complaint at 3, such claim is without merit. The payment of income taxes is "not optional," *United States v. Schiff*, 876 F.2d 272, 275 (2d Cir. 1989), and there is no question that all citizens working in the United States are required to pay taxes. *See* 26 U.S.C. §§ 1, 1441(a), (b); 26 C.F.R. § 1.1-1 (2007); *Schiff v. United States*, 919 F.2d 830, 832-33 (2d Cir.1990); *Bey v. City of New York Dep't of Corr.*, No. 97 Civ. 4866(RPP), 1997 WL 576090, at * 2 (S.D.N.Y. Sept.17, 1997).

[2] Plaintiff has not provided page numbers for the exhibits, so the Court uses the page numbers assigned by its electronic filing system.

3

(PCD), 2007 WL 1238651, at * 4 (D.Conn. April 27, 2007) ("The IRS itself is an improper party to this action because Congress has not authorized suits in federal courts against the Department of Treasury.").

B. Action for Refund against the United States

It is well established that under the doctrine of sovereign immunity, no person may sue the federal government absent its consent to be sued. *See F.D.I.C. v. Meyer*, 510 U.S. 471 (1994); *see also Morpurgo v. Bd. of Higher Educ. of N.Y.*, 423 F.Supp. 704 (S.D.N.Y.1976). In consenting to be sued, the government may establish terms of its consent. *See United States v. Mitchell*, 445 U.S. 535 (1980). If the delineated terms are not met, a court does not have jurisdiction over the action. *See id.* at 538.

"Through 28 U.S.C. § 1346, Congress has broadly consented to suits [seeking a refund of taxes allegedly erroneously assessed or collected] against the U.S. in district courts." *United States v. Forma*, 42 F.3d 759, 763 (2d Cir. 1994). Prior to initiating an action in federal court pursuant to 28 U.S.C. § 1346, 26 U.S.C. § 7422(a) requires that a claim be "duly filed" with the IRS.[3] *See United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269 (1931). First, 26 U.S.C. § 7422(a) requires that a taxpayer must file a "claim for refund or credit" with the IRS before bringing suit in district court. The claim may be made by filing a Form 1040X by informal request for a refund. *See United States v. Forma*, 42 F.3d 759, 767 n.13 (2d Cir.1994) ("The Supreme Court and lower courts have consistently held that an informal claim is sufficient to satisfy the

---

[3]Section 7422(a) states in pertinent part:
(a) No suit ... shall be maintained in any court for the recovery of ... any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund ... had been duly filed.

4

statutory prerequisite of . . . I.R.C. § 7422(a).")(internal quotation and citation omitted). *In United States v. Kales*, 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132 (1941), the Supreme Court established general parameters for an informal notice of claim: (1) the claim must be in writing and (2) the writing must "fairly advis[e] the Commissioner of the nature of the taxpayer's claim." *Id.* at 194.

Second, a taxpayer cannot file suit against the IRS "before the expiration of 6 months from the date of filing the claim," 26 U.S.C. § 6532(a)(1); *see also Harriman v. I.R.S*, 233 F. Supp. 2d 451, 459 (E.D.N.Y. 2002) ("[A] claimant must give the Internal Revenue Service at least six months to process a claim prior to commencing suit in federal court"). Third, a taxpayer must pay the full amount of the assessment before he may bring an action seeking a refund of taxes allegedly erroneously assessed or collected under § 1346(a)(1). *Flora v. United States*, 362 U.S. 145, 177 (1960) ("[C]orrectly construed, [§ 1346(a)(1) ] requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court."); *see also United States v. Forma*, 42 F.3d at 763.

Here, it does not appear that plaintiff has complied with the jurisdictional prerequisite under 26 U.S.C.A. § 7422 of filing a valid claim with the Secretary of the Treasury. Plaintiff states that he provided to the I.R.S. an "evidence package . . . that proves taxpayer's innocen[c]e," Complaint at 1. He does not state if he filed a claim seeking a refund, to whom he addressed the claim, when he made it, or what response, if any, he received. Without compliance with Section 7422(a), this Court is without subject matter jurisdiction over plaintiff's complaint.

## CONCLUSION

Accordingly, although the Court does not have subject matter jurisdiction over the

5

complaint as currently presented, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Plaintiff is directed that his amended complaint must provide a basis for this Court's subject matter jurisdiction and comply with Rule 8(a) of the Federal Rules of Civil Procedure.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order and name the United States as the proper defendant. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. Plaintiff may attach copies of any document filed with the IRS or correspondence from the IRS in support of his amended complaint. If plaintiff fails to amend his complaint within 30 days as directed by this Order, the Court shall dismiss this complaint for lack of subject matter jurisdiction and judgment shall enter. If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

Allyne R. Ross
United States District Judge

Dated: June 19, 2012
Brooklyn, New York

SERVICE LIST:

**Plaintiff:**

John Glenn Barry Metcalf, Sr.
718 Quincy Street
Brooklyn, NY 11221