FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 17 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

JOHN GLENN BARRY METCALF, SR.,

Plaintiff,

-against-

UNITED STATES,

Defendant.

-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
12-CV-2239 (ARR)(LB)

ROSS, United States District Judge:

On May 2, 2012, plaintiff, appearing *pro se,* brought this action seeking tax refunds for 2009, 2010, and 2011 from the Internal Revenue Service ("IRS"). By Order dated June 19, 2012, the Court found that it did not have subject matter jurisdiction over plaintiff's complaint, but, in light of the Court's duty to liberally construe *pro se* complaints, afforded him 30 days to submit an amended complaint that properly sets forth his claim and a basis for this Court's jurisdiction. Plaintiff submitted an amended complaint on July 6, 2012. For the reasons set forth below, the action is dismissed without prejudice.

**STANDARD OF REVIEW**

As the Court stated in its June 19, 2012 Order, Metcalf must establish that the court has subject matter jurisdiction over the action. *See*, *e.g.*, *Rene v. Citibank NA,* 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Federal courts "have an

independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Id., see also* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

In its June 19, 2012 Order, the Court set forth the steps outlined in 28 U.S.C. § 1346 that must be taken before a litigant may file a claim in a United States district court seeking a refund of taxes wrongly assessed or collected and repeats them here. Prior to initiating an action in federal court pursuant to 28 U.S.C. § 1346,[1] 26 U.S.C. § 7422(a) requires that a claim be "duly filed" with the IRS. *See United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025 (1931).

First, 26 U.S.C. § 7422(a) requires that a taxpayer must file a "claim for refund or credit" with the IRS before bringing suit in district court. The claim may be made by filing a Form 1040X or making an informal request for a refund. *See United States v. Forma*, 42 F.3d 759, 767 n.13 (2d Cir. 1994) ("The Supreme Court and lower courts have consistently held that an informal claim is sufficient to satisfy the statutory prerequisite of ... I.R.C. § 7422(a).")(internal quotation and citation omitted). *In United States v. Kales*, 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132 (1941), the

[1]Federal taxpayers have two options for challenging determinations of deficiency by the IRS. An objecting taxpayer may file a petition in United States Tax Court for review of the IRS determination *before* payment of the deficiency if the petition is filed within ninety days of date of the deficiency notice. *See Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (explaining that this procedure was devised to alleviate the hardship of having to pay and then sue). However, in order to gain access to federal district court for a review of an IRS determination, the taxpayer must first satisfy (in other words, pay) the assessment and then file a claim for a refund.

Supreme Court established general parameters for an informal notice of claim: (1) the claim must be in writing and (2) the writing must "fairly advis[e] the Commissioner of the nature of the taxpayer's claim." *Id.* at 194, 62 S.Ct. at 218.

Second, a taxpayer cannot file suit against the IRS "before the expiration of 6 months from the date of filing the claim," 26 U.S.C. § 6532(a)(1); *see also Harriman v. I.R.S*, 233 F. Supp. 2d 451, 459 (E.D.N.Y. 2002) ("a claimant must give the Internal Revenue Service at least six months to process a claim prior to commencing suit in federal court"). Stated another way, a litigant may file a refund suit in district court only if the IRS has rejected the administrative claim or disregarded it for over six months. 26 U.S.C. § 6532(a)(1).

Third, a taxpayer must pay the full amount of the assessment before he may bring an action seeking a refund of taxes allegedly erroneously assessed or collected under § 1346(a)(1). *Flora v. United States*, 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) ("correctly construed, [§ 1346(a)(1) ] requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court"); *see also United States v. Forma*, 42 F.3d 759, 763 (2d Cir.1994).

In this case, it appears, although it is not entirely clear, that plaintiff may have filed a claim with the Secretary of the Treasury stating that in 2007 taxes were wrongly assessed that complies with the jurisdictional prerequisite of U.S.C.A. § 7422, *see* Amended Complaint, Exhibit L (only page one of the April 27, 2011 letter is included). But plaintiff has not made the required full payment of the entire assessment, including penalties and interest. *Flora v. United States*, 362 U.S. at 177 (1960) ("§ 1346(a)(1), correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court."); *Magnone v. United States*, 902 F.2d 192, 193 (2nd Cir. 1990). Plaintiff does allege that he has

made full payment and the documents that he attaches to his amended complaint indicate that the assessment is still owed. Accordingly, plaintiff has established no basis for this Court's subject matter jurisdiction over his claims.

**CONCLUSION**

For the reasons stated above, the case is dismissed without prejudice to renewal if plaintiff subsequently establishes subject matter jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/Judge Ross

Allyne R. Ross
United States District Judge

Dated: August 17, 2012
Brooklyn, New York